IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cr-288-SMD |
| | ) | |
| KAREEM HARRY | ) | |

**OPINION & ORDER**

Defendant Kareem Harry ("Harry") was charged with a violation of the Controlled Substances Act, 21 U.S.C. § 846. Superseding Indictment (Doc. 27). He ultimately pleaded guilty to a misdemeanor information for possession of a controlled substance in violation of 21 U.S.C. § 844(a). Misdemeanor Information (Doc. 82); Plea Agreement (Doc. 92). The factual basis supporting Harry's plea was that Harry knowingly and intentionally possessed oxycodone, a Schedule II controlled substance, and that he knew, when he possessed the oxycodone, that he had not obtained it pursuant to a valid prescription. Plea Agreement (Doc. 92) p. 6. More specifically, Harry, according to the Government, prescribed and filled 35 invalid oxycodone prescriptions from his physician over a three-year period. Gov't's Resp. (Doc. 122) p. 1; Def.'s Reply (Doc. 125) p. 2.

Harry moves the Court for Prejudgment Probation pursuant to 18 U.S.C. § 3607(a), which permits first-time, misdemeanor drug offenders to obtain dismissal of the proceedings against them upon successful completion of a probationary term lasting up to one year. Mot. (Doc. 120). The Government opposes the Motion, arguing that Harry's culpability level is "too great to justify resolving this case without a conviction." Resp. (Doc. 122) p. 2. Having considered the briefing from the parties and the information

provided at the sentencing hearing before the undersigned, the undersigned GRANTS Harry's Motion and imposes upon him a one-year term of probation.

## I. SPECIAL PROBATION STATUTE

Eighteen U.S.C. § 3607, also known as the Federal First Offender Act ("FFOA"), provides:

> If a person found guilty of an offense described in section 404 of the Controlled Substances Act (21 U.S.C. 844)—
> (1) has not, prior to the commission of such offense, been convicted of violating a Federal or State law relating to controlled substances; and
> (2) has not previously been the subject of a disposition under this section;
>
> the court may, with the consent of such person, place him on probation for a term of not more than one year without entering a judgment of conviction. At any time before the expiration of the term of probation, if the person has not violated a condition of his probation, the court may, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation. At the expiration of the term of probation, if the person has not violated a condition of his probation, the court shall, without entering a judgment of conviction, dismiss the proceedings against the person and discharge him from probation.

§ 3607(a). Thus, upon successful completion of the probationary period, § 3607 permits first-time, misdemeanor drug offenders like Harry to avoid the harsh consequences of a federal criminal conviction.

## II. GENERAL SENTENCING FACTORS

A sentencing court has broad discretion to fashion an appropriate sentence. *See United States v. Voelker*, 489 F.3d 139, 155 (3d Cir. 2007). That discretion, however, must be guided by the factors enumerated in 18 U.S.C. § 3553(a):

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> 
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established [by the relevant sentencing guidelines] . . .;
> (5) any pertinent policy statement [by the Sentencing Commission] . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In addition to these enumerated factors—or perhaps as a component of the first factor, "characteristics of the defendant"—the Court will also consider performance on pretrial supervision. Harry has been supervised for approximately one year, and his compliance with the terms of his supervision is probative of his amenability to probation in general, and special probation under § 3607 in particular.

### III.     ANALYSIS

The parties agree that Harry is eligible for § 3607 relief: he has been found guilty of a misdemeanor drug offense; he has not been convicted previously of a drug offense under federal or state law; and he has not received probation pursuant to § 3607 before. Def.'s Mot. (Doc. 120); Gov't's Resp. (Doc. 122). The parties also agree that the Court is not bound to grant special probation to any defendant simply because he meets these eligibility requirements. Gov't's Resp. (Doc. 122) p. 1; Def.'s Reply (Doc. 125) p. 3. Instead, the Court must consider the same factors that are relevant to any sentencing determination to

3

assess whether § 3607 probation is appropriate for each individual defendant. *See, e.g.*, *United States v. Gonzalez*, 365 F.3d 796 (9th Cir. 2004) (where defendant met statutory criteria, sentencing court properly applied preponderance-of-the-evidence standard to find defendant intended to sell the drugs he possessed, and denial of § 3607 probation was not an abuse of discretion); *United States v. Duris*, 881 F. Supp. 2d 675, 682 (E.D. Penn. 2012) (denying two and granting two defendants' requests for § 3607 probation based on the sentencing factors).

Here, Harry—a veteran who is employed full time—received thirty-five prescriptions for oxycodone over a three-year period from his physician, Dr. D'livro Beauchamp. The Government argues that the Court should deny Harry's request for § 3607 probation because this conduct shows a level of culpability that should resolve with a conviction. Resp. (Doc. 122) p. 2. However, the Court finds that Harry is an ideal candidate for pre-judgment probation. Importantly, there is no evidence that Harry sold the oxycodone pills or otherwise conspired to sell the pills to anyone else, nor is there evidence that Harry ever sought or used other controlled substances. The Court finds that the nature and circumstances of Harry's conduct does not show as great a level of culpability as the Government contends. Further, Harry has no criminal history and appears to have satisfied all conditions of his pretrial supervision for approximately one year. This indicates to the Court that Harry would continue to be compliant were he placed on pre-judgment probation. For these reasons, , the Court will grant Harry's Motion pursuant to § 3607. *See Duris*, 881 F. Supp. 2d at 682-83, 684-85 (E.D. Penn. 2012) (granting one defendant's request for § 3607 probation where the defendant purchased a couple of pills about once a

4

week for less than one year and granting another defendant's request where that defendant purchased illegal prescription drugs but never sold or distributed any drug); *United States v. Castro*, 2012 WL 1174677, at *2 (S.D.N.Y. Apr. 9, 2012) (granting the defendant's request for § 3607 probation where the defendant sold more than 100 oxycodone pills to a government informant to raise money to pay for her grandmother's medical care).

## IV.   CONDITIONS OF SPECIAL PROBATION

The Court's discretion to place conditions on a defendant's term of special probation is as broad as its discretion to grant a request for such probation. *Duris*, 881 F. Supp. 2d at 685. Based on all of the facts and considerations discussed above, the Court concludes that Harris's terms of special probation shall last one year, and shall be subject to the following conditions:

1) intensive, random drug testing;

2) drug treatment and counseling, as needed based on the assessment of the Probation Office;

3) a $500 fine; and

3) 80 hours of community service in a program that assists military veterans or the families of active-duty servicemen and women.

If Harry does not violate these conditions, the Court will dismiss the proceedings against him without entering a judgment of conviction and will discharge him from probation at the expiration of the one-year term.

## V.   CONCLUSION

Upon consideration of Harry's Motion for Pre-judgment Probation Pursuant to 18

U.S.C. § 3607(a) (Doc. 120), it is

    ORDERED that the Motion is GRANTED.

    DONE this 26th day of January, 2023.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE